United States District Court
Southern District of Texas
**ENTERED**
July 10, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROY JACKSON, JR., | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:23-CV-00171 |
| | § | |
| ISABELL ZUNIGA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff Roy Jackson, Jr., a Texas inmate currently confined at the McConnell Unit in Beeville, Texas, has filed this pro se prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. (D.E. 1). Pending before the Court is Plaintiff's declaration in support of a motion seeking leave to proceed *in forma pauperis* ("IFP"). (D.E. 4). The Court construes Plaintiff's declaration as his motion seeking leave to proceed IFP in this action. However, as discussed below, Plaintiff is not eligible to proceed IFP because he falls within the three strikes provision of 28 U.S.C. 1915(g).

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted cannot bring any more actions or appeals IFP. 28 U.S.C. § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g); *Baños,* 144 F.3d at 884.

Plaintiff has had five prior actions dismissed as frivolous, malicious, or for failure to state a claim for relief. *See Jackson v. Hanen*, No. 4:23-cv-953 (S.D. Tex. May 24, 2023) (dismissed as

frivolous); *Jackson v. Werlein*, No. 4:23-cv-792 (S.D. Tex. Apr. 30, 2023) (dismissed as frivolous); *Jackson v. Lumpkin*, No. 4:23-cv-260 (S.D. Tex. Mar. 23, 2023) (dismissed as frivolous and for failure to state a claim for relief); *Jackson v. Samaniego*, No. 2:22-cv-101 (S.D. Tex. Mar. 10, 2023) (dismissed as frivolous and malicious); *Jackson v. Texas*, No. 4:22-cv-3687 (S.D. Tex. Jan. 5, 2023) (dismissed as frivolous and malicious). Plaintiff, therefore, is barred from proceeding IFP in this prisoner civil rights action unless he can show he is under imminent danger of serious physical injury.

This Court must assess whether Plaintiff was exposed to imminent danger of serious injury at the time he filed this complaint. *Choyce v. Dominguez*, 160 F.3d 1068, 1071 (5th Cir. 1998) (per curiam) (citing *Baños,* 144 F.3d at 884–85). To satisfy the imminent danger requirement of § 1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). In addition, the harm must be imminent or occurring at the time the complaint is filed, and the plaintiff must refer to a "genuine emergency" where "time is pressing." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam) (citation omitted). Congress intended a safety valve to prevent impending harms, not those injuries that allegedly had already occurred. *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Plaintiff alleges in his complaint that, on February 8, 2023, McConnell Unit official Isabell Zuniga assaulted Plaintiff by breaking his hand, stalking Plaintiff, and committing mail theft. (D.E. 1, p. 3–4). Plaintiff alleges that he has been assaulted a total of seven times and fears for his life. *Id.* at 4. Plaintiff further alleges in a supporting brief that "[the] medical department changed [his] mental health meds, the staff are doing stuff to [his] food, and offenders coming after [him] for staff." (D.E. 5, p. 2). Plaintiff believes he should be allowed to proceed IFP due to having alleged a "credible threat of physical harm from prison staff." *Id.* at 1.

Plaintiff's allegations fail to suggest he was exposed to imminent danger of serious injury at the time he submitted this action. Plaintiff's allegations regarding past threats and assaults fail to indicate

he is exposed to imminent danger of serious injury. *See Summers v. Paxton*, No. 1:20-CV-425, 2023 WL 4307640, at *1 (E.D. Tex. May 31, 2023), *recommendation adopted*, 2023 WL 4306678 (E.D. Tex. Jun. 29, 2023) ("Allegations of past threats and assaults are insufficient to show that plaintiff was in imminent danger at the time he filed his complaint."). Plaintiff further offers vague allegations regarding unspecified changes to certain mental health medications, staff doing unspecified things to his meals, and offenders coming after him. These conclusory allegations are not supported by specific facts from which the Court could conclude that Plaintiff was in imminent harm of serious injury at the time he filed his complaint.

Because he has failed to allege that he was in imminent danger of physical harm at the time he filed the complaint, he is barred from proceeding IFP. Accordingly, Plaintiff's motion seeking leave to proceed IFP is **DENIED**, (D.E. 4), and his complaint is **DISMISSED without prejudice**, (D.E. 1). The Clerk of Court is **DIRECTED** to send a copy of this Order to the "Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov" and is further **DIRECTED** to **CLOSE** this case. Plaintiff may move to reinstate this action within thirty (30) days of the date of the entry of this Order, but only if the appropriate $402.00 filing fee is paid simultaneously with the motion to reinstate.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
July 10, 2023